# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 12-591V
### Filed: October 23, 2015

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| WILMA REED, | \* |
| | \* |
| Petitioner, | \* |
| v. | \* |
| | \*    Attorney Fees and Costs |
| | \* |
| SECRETARY OF HEALTH | \* |
| AND HUMAN SERVICES, | \* |
| | \* |
| Respondent. | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### DECISION ON ATTORNEY FEES AND COSTS[1]

**Roth,** Special Master:

In this case under the National Vaccine Injury Compensation Program,[2] Chief Special Master Dorsey issued a decision on April 7, 2015 that awarded compensation pursuant to the parties' joint stipulation. On August 28, 2015, petitioner filed a motion for attorneys' fees and costs. Upon respondent's request, the proceedings were stayed pending the outcome of a similar case, *Patterson v. Sec'y of Health and Human Servs.,* No. 14-69V. On October 7, 2015, the Chief Special Master issued an Order adopting the hourly rates for attorneys associated with the Conway, Homer, & Chin-Caplan firm established by another special master in *McCulloch v. Sec'y of Health and Human Servs.,* No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). She ordered petitioner to file a supplemental application for attorneys' fees and costs using the rates established in *McCulloch.*

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] The applicable statutory provisions defining the program are found at 42 U.S.C. § 300aa-10 *et seq.* (2012).

On October 9, 2015, petitioner filed her supplemental motion for attorneys' fees and costs. In accordance with the rates awarded in *McCulloch*, petitioner requested a total of $36,346.96, an amount that included attorneys' fees ($28,960.20), attorneys' costs ($7,036.76), and petitioner's costs ($350.00). Respondent filed a response on October 14, 2015, indicating that while she disagreed with the analysis and findings in *McCulloch*, she declined to litigate issues that were addressed in that decision. On October 21, 2015, this case was reassigned to me.

I find that this petition was brought in good faith and that there existed a reasonable basis for the claim.  Therefore, an award for fees and costs is appropriate, pursuant to 42 U.S.C. §§ 300aa-15(b) and (e)(1).  Further, the proposed amount seems reasonable and appropriate. **Accordingly, I hereby award the total $36,346.96[3] in the form of a check made payable jointly to petitioner and petitioner's counsel of record, Ronald Homer, for petitioner's attorney fees and costs.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  *See* Vaccine Rule 11(a).